IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CRAIG MILLER, et al., | : |
| Plaintiffs, | : |
| | Case No. 3:07cv040 |
| vs. | : |
| | JUDGE WALTER HERBERT RICE |
| WILLIAM BUNN, et al., | : |
| Defendants. | : |

DECISION AND ENTRY SUSTAINING DEFENDANTS' MOTION FOR RECONSIDERATION (DOC. #77); DECISION OF FEBRUARY 18, 2010 VACATED; DR. SCHUMARRY CHAO, M.D., APPOINTED CHAIR OF THE HEALTH BENEFITS PROGRAM COMMITTEE

In May, 1993, this Court approved a Settlement Agreement entered into by the parties in <u>Shy, et al., v. Navistar International Transportation Corp., et al.</u>, Case No. 3:92cv333 (S.D.Ohio).  That Settlement Agreement, <u>inter</u> <u>alia</u>, created the International Truck and Engine Corporation Retiree Health Benefit and Life Insurance Plan (f/k/a Navistar International Transportation Corporation Retiree Health Benefit and Life Insurance Plan) (the "Plan").  The Plan, in turn, created the Health Benefits Program Committee ("HBPC").  Section 6.1 of the Plan provides that the HBPC shall consist of seven members.  Three of the members are "Company Members," appointed by the International Truck and Engine Corporation; two are "UAW Members," appointed by the UAW, and one member is

appointed to represent non-union retirees and is referred to as the "Other Member". The six members were to appoint a seventh member, the HBPC Chair, an obligation which they have been unable to accomplish.

As a consequence, this litigation was initiated. Ultimately, the parties agreed to a process under which this Court would select the seventh member of the HBPC. In its Decision of February 18, 2010, this Court appointed Francine Parker ("Parker"), as the seventh member and Chair of the HBPC. See Doc. #75. This litigation is now before the Court on the Defendants' motion seeking reconsideration of that Decision, in light of conflicts of interest concerning Parker, which have been discovered since this Court selected her. The parties have fully briefed that motion (see Docs. ##77, 78 and 79), and the Court now rules on Defendants' Motion for Reconsideration (Doc. #77).

As indicated, the Defendants argue that this Court should reconsider its Decision of February 18, 2010, because they have discovered that Parker has a conflict of interest which serves as the basis for replacing her as the seventh member and Chair of the HBPC. In particular, the Defendants contend that Parker's conflict of interest stems from her relationship with the UAW Retiree Medical Benefits Trust ("Trust" or "Medical Benefits Trust"). Parker was hired as the full-time Executive Director of the Trust on or around January 10, 2010, after having been offered the position on October 7, 2009. Parker's company, Parker Business Solutions, LLC, was hired by the Trust as an independent consultant in September, 2008. The Trust is an independent entity that provides medical benefits to retirees of General Motors, Ford and Chrysler who were represented by the International Union, United Automobile, Aerospace and Agricultural Implement

- 2 -

Workers of America ("UAW").  The Trust began providing benefits on January 1, 2010.  It is controlled by eleven Trustees, five of whom are appointed by the UAW, with the other six being referred to by Plaintiffs as "independent Trustees." Although there is no evidence concerning the manner in which the independent trustees were initially appointed, their successors are to be selected by the remaining Trustees, with the affirmative vote of nine Trustees being required to select a replacement Trustee.

As an initial matter, the Plaintiffs argue that the Defendants' motion must be analyzed under Rule 60(b) of the Federal Rules of Civil Procedure, which provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

In their Reply Memorandum, the Defendants argue that Rule 60(b) is inapplicable herein, because the parties agreed in their Settlement Agreement that it would not operate as a judgment on the merits and would not prevent any party from raising in a subsequent lawsuit any claim or issue that was or could have been raised in this litigation.  See Doc. #79 at 4.  However, this Court did decide with finality whom to appoint, in accordance with the parties' Settlement Agreement, as Chair of the HBPC.  Since the Defendants are challenging that final decision, this Court is

- 3 -

of the opinion that their challenge must be assessed under Rule 60(b), the mechanism in the Federal Rules of Civil Procedure for seeking reconsideration of a decision by a District Court more than 28 days after judgment has been entered.[1]

The Plaintiffs point out that the Defendants state that their motion is predicated upon the assertion that Parker's relationship with the Trust is newly discovered evidence, and, therefore, that Defendants cannot utilize Rule 60(b)(2) in order to seek reconsideration of this Court's decision to appoint Parker to the position of Chair of the HBPC. This Court disagrees.[2]

In order to prevail on a motion under Rule 60(b)(2), a party must establish "that it exercised due diligence in obtaining the information" and that "the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." Good v. Ohio Edison Co., 149 F.3d 413, 423 (6th Cir. 1998) (internal quotation marks and citation omitted). Accord Crawford v. TRW Automotive U.S., LLC, 560 F.3d 607, 615 (6th Cir. 2009). Thus, "the evidence cannot be merely impeaching or cumulative." Good, 149 F.3d at 423.

---

[1] A party can seek reconsideration of a final judgment, by filing a motion to alter or to amend judgment under Rule 59(e) of the Federal Rules Civil Procedure. A motion under Rule 59(e) must be filed within 28 days of the entry of judgment.

[2] The Defendants also contend that the catch-all provision of Rule 60(b), paragraph (6), provides them an avenue of relief. This Court cannot agree. Courts have held that relief can be obtained under Rule 60(b)(6) "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990) (internal quotation marks and citations omitted). Accord Stokes v. Williams, 475 F.3d 732, 735 (6th Cir. 2007). Herein, since the basis for the Defendants' request for reconsideration, newly discovered evidence, is addressed by one of the first five numbered clauses of Rule 60(b), relief under Rule 60(b)(6) is not available.

Herein, Parker was not hired as Executive Director of the Trust until January 10, 2010. Moreover, there is no indication that information about the relationship between Parker's company and the Trust or the fact that she had been offered the position of Executive Director was publicly known or even available before she accepted that position. Accordingly, in the absence of any indication that a more diligent search by Defendants would have caused them to discover that Parker had become the Executive Director of the Medical Benefits Trust or that they failed to exercise diligence in that regard, this Court concludes that the Defendants have met the first prong of the Good test.

As to the second prong of that test, whether "the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment" (Good, 149 F.3d at 423), that determination can be made only by reconsidering the selection of Parker to be Chair of the HBPC, while including the newly discovered information about Parker's relationship with the Trust as part of the calculus for the selection.

In its Decision of February 18, 2010, this Court concluded that, while both candidates were qualified, Parker was better qualified for the position of Chair of the HBPC than the other candidate, Dr. Schumarry Chao, M.D. ("Chao").[3]

---

[3]The Plaintiffs supported Parker, while the Defendants supported Chao. Parenthetically, the Defendants have pointed out in their memoranda that they retain the power, in accordance with the Settlement Agreement in Shy, to recall Parker, without action by this Court. Defendants have not, however, explained why they did not merely recall Parker instead of filing their request for reconsideration. Of course, should this Court grant their request for reconsideration, it would appoint Chao, Defendants' choice to be Chair of the HBPC, to that position.

Doc. #75 at 4. The Court reached that conclusion by initially setting forth its reasons for deciding that Chao's qualifications as a physician were not particularly valuable to the question of whether she was the more qualified candidate. Id. The Court then contrasted Parker's lengthy employment as an executive of the Health Alliance Plan ("HAP"). In particular, the Court noted:

> Her employment with HAP has involved the need to contain costs, so that the Plan is affordable for employers and consumers using it, while at the same time making it attractive to consumers. The ability to reconcile those conflicting interests will be central to performing as a successful Chair of the HBPC. The person selected to occupy that position will not be called upon to vote on matters, unless the other six members of the Committee reach an impasse, which will occur when those representing the entities paying for health benefits provided by the Plan (the Defendants herein) and those representing the consumers of such benefits (such as Plaintiffs herein) reach a conflict over an issue which they are unable to resolve. At that point, it will be incumbent on the Chair to resolve that dispute, by breaking the tie vote. Parker's experience makes her more qualified to understand the interests of both those paying for healthcare benefits and the consumers of same and, thus, to resolve disputes by casting the deciding ballot.

Id. at 5. None of the foregoing has been altered by Parker's recent employment as the Executive Director of the Trust. Indeed, if the Trust were not affiliated with the UAW, Parker's employment in that position would reinforce this Court's conclusion that she was the more qualified candidate. However, the Trust is affiliated with the UAW, and, based upon that affiliation, this Court is convinced that, as a result of her employment as Executive Director of the Trust, Parker's impartiality could be questioned, sufficiently enough to disqualify her for the position of Chair of the HBPC. Although the UAW appoints only five of the eleven Trustees of the Medical Benefits Trust, it has a virtual veto over any action that

entity might take.[4]  For instance, the Trustees cannot take any action, unless at least one of its members, appointed by the UAW, votes in favor of that question, and it takes five members (coincidentally the number of UAW appointees) to select a replacement for a departing Trustee.

In their motion, the Defendants assert that the Trust is a medical benefit trust for the UAW's retirees.  See Doc. #77 at 4.  As is indicated, however, the evidence before the Court demonstrates that the Trust is an independent entity that provides medical benefits to retirees of General Motors, Ford and Chrysler who were represented by the UAW.  Moreover, as the Plaintiffs point out, the Trust is governed by eleven Trustees, only five of whom are appointed by the UAW, with the other six being the so-called independent Trustees.  Accordingly, the Plaintiffs argue that Parker's position of Executive Director of the Trust does not cause her to have a conflict of interest as Chair of the HBPC.  Doc. #78 at 5.  Plaintiffs contend that Parker's role as Executive Director of the Trust is similar to her position as a Trustee of the Dana VEBA.  Id.  In its Decision of February 18, 2010, this Court noted that the UAW had submitted Parker's name to the Bankruptcy Court overseeing the bankruptcy proceedings involving Dana Industries.  Doc. #75 at 6 n. 5.  That information did not cause this Court to question whether Parker could, as a result, serve as a fair and neutral Chair of the HBPC.  Id.  Given that Parker's role as Executive Director of the Trust is not remotely similar to her role as

---

[4]The Plaintiffs argue that Defendants' claim that the UAW controls the Trust lacks merit, because the Defendants have confused the Trust with a separate medical benefit trust for the UAW's retirees, which is controlled by the UAW.  This Court agrees with Plaintiffs that the Defendants confused the Trust with that separate medical benefit trust.  However, that confusion does not mean that the UAW lacks control over the Trust in question.

a Trustee for the Dana VEBA, this Court's earlier conclusion in that regard does not cause it to conclude now that Parker can serve as the fair and neutral Chair of the HBPC.  Here, Parker will be a full-time employee of the Trust, while serving as its Executive Director.  There is no evidence before the Court that Parker has ever been an employee of the Dana VEBA, full-time or otherwise.  Moreover, there is no indication that the UAW exercised control over the Dana VEBA, which was being supervised by a bankruptcy court, similar to that which it will be able to exercise over the Medical Benefits Trust.

Based upon the foregoing, the Court sustains the Defendants' Motion for Reconsideration (Doc. #77).  The Court's Decision of February 18, 2010, is, as a consequence, vacated.  Dr. Schumarry Chao, M.D., the only other person eligible for the Court to appoint, is hereby appointed Chair of the HBPC.

The captioned cause remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

August 4, 2010

                                            /s/ Walter Herbert Rice
                                            WALTER HERBERT RICE, JUDGE
                                            UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.